UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:
KEVIN ADELL,

               Debtor.

_____

JOHN RICHARDS HOMES BUILDING
COMPANY, L.L.C.,

               Appellant,

vs.                              Case No. 2:07-cv-361-FTM-29SPC
                                 Bankr. No. 03-23684-ALP

KEVIN ADELL,

               Appellee.

_____

**OPINION AND ORDER**

    This matter comes before the Court on an appeal of an Order on Motion for Reconsideration or Rehearing on Order Denying Amended Motion to Impose Sanctions (Bankr. Doc. #955) and the Order Denying Amended Motion for Sanctions (Bankr. Doc. #884). An Initial Brief (Doc. #11), an Answer Brief (Doc. #12), and a Reply Brief (Doc. #14) have been filed. Appellant John Richards Homes Building Company. L.L.C. (JRH or appellant) asserts that the Bankruptcy Court judge abused his discretion in failing to find that Kevin Adell's (Adell or appellee) conduct constituted an abuse of the judicial process and in failing to award sanctions against Adell for his conduct.

**I.**

    The United States District Court functions as an appellate

court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). The legal conclusions of the bankruptcy court are reviewed *de novo*, In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993), while findings of fact are reviewed for clear error. FED. R. BANKR. P. 8013; In re Thomas, 883 F.2d 991, 994 (11th Cir. 1989), cert. denied, 497 U.S. 1007 (1990).  A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." Crawford v. Western Elec. Co., 745 F.2d 1373, 1378 (11th Cir. 1984)(citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  A decision to award or not award sanctions is reviewed for abuse of discretion.  Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

## II.

The lengthy procedural history of the underlying bankruptcy matter has been accurately summarized by United States Bankruptcy Judge Alexander L. Paskay in his Order on Motion for Reconsideration or Rehearing on Order Denying Amended Motion to Impose Sanctions (Doc. #1-4, pp. 2-8).  Additionally, both parties have set forth the facts and history of the matter in some detail (Doc. #11, pp. 1-13; Doc. # 12, pp. 2-10.)  Stripped of competing rhetoric, the parties dispute whether Judge Paskay should have imposed sanctions upon Adell for his alleged abuse of the bankruptcy proceedings.  More precisely, the issue is whether Judge

2

Paskay abused his discretion in failing to find such an abuse of the judicial proceedings that imposition of sanctions were allowed or required.  The Court finds no such abuse of discretion.

It is clear that the bankruptcy court has the inherent power to impose sanctions on parties and lawyers.  In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006).  "[T]he key to unlocking a court's inherent power is a finding of bad faith." Sunshine Jr. Stores, 456 F.3d at 1304 (citations omitted).  The bankruptcy court's power to sanction, however, must be exercised with restraint and discretion.  Chambers, 501 U.S. at 44; Sunshine Jr. Stores, 456 F.3d at 1305.  The abuse of discretion principles are the same when a district court reviews a bankruptcy court as when the Eleventh Circuit reviews a district court.  Thus, a court abuses its discretion "if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001).  See also Hudson v. International Computer Negotiations, Inc., 499 F.3d 1252, 1261 (11th Cir. 2007).  "Short of that, an abuse of discretion standard recognizes there is a range of choices within which we will not reverse the district court even if we might have reached a different decision."  Siebert v. Allen, 506 F.3d 1047, 1049 n.2 (11th Cir. 2007)(citations omitted).

Judge Paskay clearly recognized his power and authority to impose sanctions and that such a decision was a matter of discretion.  (Doc. #1-4, p. 10.)  Judge Paskay thus followed the

3

correct legal standards. There is no claim that Judge Paskay followed improper procedures in making his decision not to impose sanctions, and the record reflects no such procedural defect. The Court's review of the record does not establish that Judge Paskay's factual findings are clearly erroneous. Judge Paskay recognized that different portions of his prior findings could be cited by the parties supporting their respective positions, (Doc. #1-4, pp. 8-9), but in the end determined that sanctions were not warranted under all the circumstances of the cases. This decision is clearly within the range of choices available to the judge as a matter of his discretion. Since there has been no abuse of discretion, Judge Paskay's decision not to impose sanctions is affirmed.

Accordingly, it is now

**ORDERED**:

1. The Order on Motion for Reconsideration or Rehearing on Order Denying Amended Motion to Impose Sanctions (Bankr. Doc. #955) and the Order Denying Amended Motion for Sanctions (Bankr. Doc. #884) are **affirmed.**

2. The Clerk of the United States District Court is **directed** to transmit a certified copy of this Opinion and Order to the Clerk of the United States Bankruptcy Court and to close the appeal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of March, 2008.

_John E. Steele_

JOHN E. STEELE
United States District Judge

4

Copies:

Hon. Alexander L. Paskay

Clerk, U.S. Bankruptcy Court

Counsel of record